**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIAN BOYKINS,

    Petitioner,                                  Civil No. 2:13-CV-12768
                                                   HONORABLE SEAN F. COX
v.                                             UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

    Respondent,
_____/

**OPINION AND ORDER**
**GRANTING THE MOTION TO SUPPLEMENT**
**AND AMEND THE PETITION FOR WRIT OF HABEAS CORPUS**

Brian Boykins, ("petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery, M.C.L.A. 750.529, kidnapping, M.C.L.A. 750.349, carrying a concealed weapon, M.C.L.A. 750.227, felon in possession of a firearm, M.C.L.A. 750.224f, possession of a firearm in the commission of a felony, M.C.L.A. 750.227b, and being a fourth felony habitual offender, M.C.L.A. 769.12. This Court's predecessor, Judge Lawrence P. Zatkoff, held the petition in abeyance to permit petitioner to return to the state courts to exhaust additional claims that had not been included in the original petition.

Petitioner has filed a motion to amend or supplement the petition to include the claims that he is currently attempting to exhaust in the state courts by way of a post-conviction motion for relief from judgment. For the reasons that follow, the motion is GRANTED.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999) (*citing* Fed.R.Civ.P. Rule 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court grants the motion to amend the petition to include the claims that petitioner is exhausting in the state courts. Petitioner's proposed amended habeas petition advances new claims that may have arguable merit and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F. 3d 86, 92 (3rd Cir. 1995).[1]

IT IS HEREBY ORDERED that the Motion to Supplement and Amend Petition [Dkt. # 18] is GRANTED.

Dated: March 22, 2016					S/ Sean F. Cox
							Sean F. Cox
							U. S. District Judge

---

[1] Judge Zatkoff's opinion and order holding the petition in abeyance remains in force. Petitioner shall file a motion to lift the stay within 60 days of the conclusion of state court post-conviction proceedings as per Judge Zatkoff's order. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BOYKINS,

    Petitioner,   Civil No. 2:13-CV-12768
                                       HONORABLE SEAN F. COX
v.                                          UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

    Respondent,
_____/

PROOF OF SERVICE

    I hereby certify that on March 22, 2016, the foregoing document was served on counsel of record via electronic means and upon Brian Boykins via First Class mail at the address below:

BRIAN BOYKINS 187252
MARQUETTE BRANCH PRISON
1960 U.S. HWY 41 SOUTH
MARQUETTE, MI 49855

                                                                       S/ J. McCoy
                                                                       Case Manager