**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIAN BOYKINS,

    Petitioner,                                       Civil No. 2:13-CV-12768
                                                                   HONORABLE SEAN F. COX
v.                                                          UNITED STATES DISTRICT JUDGE

ROBERT NAPEL,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY OR LEAVE
TO APPEAL *IN FORMA PAUPERIS***

Brian Boykins, ("petitioner"), presently confined at the Saginaw Correctional Facility in Saginaw, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery, M.C.L.A. 750.529, kidnapping, M.C.L.A. 750.349, carrying a concealed weapon, M.C.L.A. 750.227, felon in possession of a firearm, M.C.L.A. 750.224f, possession of a firearm in the commission of a felony, M.C.L.A. 750.227b, and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

The victim, Nathan Brown, testified that around noon on September 14, 2007, he was out shopping in the City of Detroit. The victim purchased some liquor, leaving him with about eighty seven dollars. The victim left the store and went to the bus stop. Before reaching the bus stop, the victim saw petitioner sitting in a car. Petitioner signaled the victim to come over to him. As the

1

victim approached the car, he saw that petitioner had a gun. Petitioner ordered the victim to get inside the vehicle. The victim complied. Petitioner did a U-turn, drove a couple of blocks, and then pulled over. Petitioner then demanded money from the victim. After the victim handed him the money, petitioner grabbed the victim's watch and ring. Petitioner also seized the brown paper bag containing the victim's recent store purchases. (Tr. 2/14/08, pp. 56-61).

As the victim exited the car, he kicked out a cell phone bill that had been lying in the vehicle, along with another envelope with a picture. The picture was part of a Michigan Department of Corrections [MDOC] Offender Tracking Information System [OTIS] printout with petitioner's picture on it that had been in the car. The victim waited until petitioner was some distance off, before picking up the phone bill and picture. The victim testified that he called the police and that it took them about an hour to respond to the call. The victim gave the phone bill and the picture that was in the envelope to the police. (*Id.*, pp. 7-9, 62-65).

On February 14, 2008, Officer Lestine Jackson of the Detroit Police Department went to the address on the cell phone bill and noticed a white car in the driveway that matched the description of the car that the victim said his assailant had been driving. The next day, the same officers who went to petitioner's address saw petitioner walking on Grand River. Officer Jackson recognized petitioner based on his picture from OTIS. Officer Jackson had her partner turn around. The two officers confronted and arrested petitioner. (*Id.*, pp. 90-93).

Petitioner's conviction was affirmed on appeal. *People v. Boykins,* No. 285476 (Mich.Ct.App. October 27, 2009); *lv. den.* 486 Mich. 905, 780 N.W.2d 833 (2010).

Petitioner then filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court, which was denied. *People v. Boykins,* No. 07-021072-FC (Wayne County

2

Circuit Court, Nov. 10, 2011). The Michigan appellate courts denied petitioner leave to appeal. *People v. Boykins,* No. 310158 (Mich.Ct. App. Oct. 24, 2012); *lv. den.* 494 Mich. 855, 830 N.W.2d 403 (2013).

Petitioner then filed motions to compel discovery and for a bill of particulars, which were denied. *People v. Boykins,* No. 07-021072-FC (Wayne County Circuit Court, Nov. 29, 2012). The Michigan appellate courts denied petitioner leave to appeal. *People v. Boykins,* No. 316419 (Mich.Ct.App. Nov. 27, 2013); *leave den.* 497 Mich. 902, 856 N.W.2d 33 (2014).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance so that petitioner could return to the state courts and exhaust additional claims. *Boykins v. McKee*, No. 2:13-CV-12768, 2013 WL 4776065 (E.D. Mich. Sept. 6, 2013).

Petitioner filed a second post-conviction motion for relief from judgment with the Wayne County Circuit Court, which was denied. *People v. Boykins,* No. 07-021072-FC (Wayne County Circuit Court, May 20, 2015). The Michigan appellate courts denied petitioner leave to appeal. *People v. Boykins,* No. 328556 (Mich.Ct. App. Nov. 25, 2015); *lv. den.* 500 Mich. 880, 886 N.W.2d 424 (2016).

On February 8, 2017, this Court granted the motion to lift the stay and to amend the petition. (ECF # 23). Petitioner seeks habeas relief. Petitioner's original and amended petitions are often rambling and incoherent, but it appears that petitioner seeks habeas relief on the following grounds: (1) prosecutorial misconduct, (2) ineffective assistance of trial counsel, (3) ineffective assistance of appellate counsel, and (4) newly discovered evidence of actual innocence that had been suppressed.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of

3

1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of

4

possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Discussion

**A. The prosecutorial misconduct claim.**

Petitioner contends that he was denied a fair trial because of prosecutorial misconduct. [1]

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(quoting *Harrington*, 562 U.S. at 103).

---

[1] Respondent contends that petitioner's prosecutorial misconduct and various ineffective assistance of trial counsel claims are procedurally defaulted, because he raised them for the first time in his first post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3). Petitioner claims that his appellate counsel was ineffective for failing to raise his claims in his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it is more expeditious to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Additionally, petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

5

Petitioner claims that the prosecutor committed misconduct by admitting portions of his OTIS printout into evidence, because the printout was more prejudicial than probative and that it basically amounted to "other acts" evidence prohibited by M.R.E. 404(b). The prosecutor sought to admit the OTIS printout into evidence to establish petitioner's identity as the perpetrator. Defense counsel stipulated to the introduction of the printout into evidence as long as it was redacted to omit references to petitioner's prior convictions. The judge agreed to admit the OTIS printout into evidence with petitioner's picture on it but with his prior record redacted from the picture. (Tr. 2/14/08, p. 7-9).

Although petitioner alleges prosecutorial misconduct, his claim "amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F.3d 383, 397 (6th Cir. 2009). "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008). The judge agreed to admit the OTIS printout after the parties stipulated to its admission. The OTIS printout was relevant to establish petitioner's identity as the perpetrator because it had been inside of the car used during the robbery and kidnapping. The Sixth Circuit observed that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012)(emphasis original). In any event, there was no violation of clearly established federal law for the prosecutor to rely on the trial judge's ruling in admitting this "other acts" evidence in petitioner's trial, regardless if the trial judge's ruling was correct, thus petitioner is not entitled to habeas relief on his first claim. *See Key v. Rapelje*, 634 F. App'x. 141, 146–47 (6th Cir. 2015).

**B. The ineffective assistance of counsel claims.**

Petitioner alleges the ineffective assistance of trial and appellate counsel.

To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a federal court believes

7

the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner contends that he was constructively denied the assistance of counsel because his attorney was not appointed to represent him until the day of the preliminary examination and he only met his counsel five to ten minutes before the preliminary examination. [2]

The Supreme Court has held that in cases where a criminal defendant has been denied counsel at a preliminary hearing, "the test to be applied is whether the denial of counsel ... was harmless error." *Coleman v. Alabama*, 399 U.S. 1, 11 (1970)(citations omitted); *see also Adams v. Illinois,* 405 U.S. 278, 282-83 (1972)("the lack of counsel at a preliminary hearing involves less

---

[2] *See* ECF # 1, PG ID 59.

danger to 'the integrity of the truth-determining process at trial' than the omission of counsel at the trial itself or on appeal.")(internal quotation omitted). The Sixth Circuit has applied a harmless error analysis on habeas review of claims that a habeas petitioner was denied the right to counsel at a preliminary examination or hearing in a state criminal proceeding. *See Takacs v. Engle*, 768 F.2d 122, 124 (6th Cir.1985); *McKeldin v. Rose*, 631 F.2d 458, 460–61 (6th Cir.1980); *See also Dodge v. Johnson,* 471 F. 2d 1249, 1252 (6th Cir. 1973)(record failed to establish that lack of counsel at preliminary examination prejudiced petitioner's rights at trial or in any way tainted finding of guilt).

Petitioner failed to allege or to show that he was actually prejudiced by trial counsel's allegedly inadequate preparation time at the preliminary examination; he is not entitled to relief on his claim. *See Burgess v. Booker*, 526 F. App'x. 416, 432–33 (6th Cir. 2013).

As part of his prosecutorial misconduct claim, petitioner alleges that his trial counsel was ineffective for failing to object to the prosecutor's misconduct in admitting the OTIS printout into evidence.

To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his or her trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. *Hinkle v. Randle,* 271 F. 3d 239, 245 (6th Cir. 2001). This Court determined that the prosecutor did not commit misconduct, thus, petitioner is unable to establish that he was prejudiced by counsel's failure to object. *See Slagle v. Bagley,* 457 F.3d 501, 528 (6th Cir. 2006).

As a related claim, petitioner argues that trial counsel was ineffective for stipulating to the admission of the OTIS printout into evidence.

As mentioned when discussing petitioner's prosecutorial misconduct claim, *infra*, the OTIS printout was relevant and admissible to establishing petitioner's identity because the victim found the printout in the car that was used during the robbery. The failure to object to relevant and admissible evidence in not ineffective assistance of counsel. *See Alder v. Burt,* 240 F. Supp. 2d 651, 673 (E.D. Mich. 2003). Petitioner was not prejudiced by defense counsel's decision to stipulate to the admission of this evidence, in light of the fact that this same evidence would have been introduced anyway in a more lengthy process without stipulations from counsel. *See Burke v. U.S.,* 261 F. Supp. 2d 854, 862 (E.D. Mich. 2003).

Petitioner next claims that trial counsel was ineffective for failing to call a taxi cab driver to establish that he had picked up the victim and petitioner at Wyoming and Fennel Streets at about 2:45 p.m. on the day of the incident. Petitioner claims that the cab driver drove him and the victim to an undisclosed location to purchase crack cocaine. Petitioner contends that the victim fabricated the robbery and kidnapping allegation because he was angry that petitioner cheated him out of the drug deal. Petitioner claims that the cab driver's testimony would rebut the victim's testimony that he had never met petitioner prior to that day. Petitioner further claims that trial counsel was ineffective for failing to obtain a surveillance videotape from the MDOC Lawton Parole Office from October 3, 2007. Petitioner claims that this videotape would show that the victim was wearing the watch and ring that he claimed petitioner had previously stolen from him.

Petitioner raised this claim in his first post-conviction motion for relief from judgment and his appeal from the denial of this motion. The Court has reviewed the petitioner's motion for relief from judgment and his post-conviction appeal.[3] Petitioner failed to attach any affidavits from the

---

[3] *See* ECF ## 27-7, 27-13, 27-17.

alleged taxi cab driver or from any employees of the parole office regarding the surveillance videotape, nor did he provide the Michigan trial or appellate courts with a copy of the alleged videotape. Petitioner has not provided this information to this Court either. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his ineffective assistance of claim, the petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner has failed to attach any offer of proof or any affidavits sworn by the proposed witnesses. Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call the cab driver or any personnel from the parole office to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F.3d 551*,* 557 (6th Cir. 2007).

Moreover, petitioner's counsel was not ineffective for failing to present any evidence that the victim and petitioner had been together prior to the robbery because it would have undercut the misidentification defense that petitioner's counsel presented at trial and would have been inconsistent with a prior statement that petitioner gave to the police. Officer Richard Firsdon testified that he spoke to petitioner after he was arrested. Petitioner told Officer Firsdon that he did not know the victim and was not present at Wyoming and Intervale Streets on the afternoon of February 14, 2008. (Tr. 2/14/08, pp. 108-110). Defense Counsel argued in closing argument that

11

there was no evidence that petitioner committed the crime, pointing out that petitioner had told the police after his arrest that he did not know the victim. (Tr. 2/19/08, pp. 12-17). Counsel was not deficient in failing to introduce any evidence that the victim had previously known petitioner, because such evidence would have undercut defense counsel's misidentification defense. *See Thao v. Conover*, 159 F. App'x. 842, 846 (10th Cir. 2005); *see also Poindexter v. Mitchell,* 454 F.3d 564, 573-75 (6th Cir. 2006)(counsel was not deficient in failing to pursue of "heat of passion" defense, in light of the fact that such a defense would have been inconsistent with petitioner's continued insistence that he had no involvement in the crime).

Petitioner next claims that trial counsel was ineffective for failing to call his sister, LaTrese Lindsey, to testify that she took pictures of the area around the bus stop where the victim had been waiting for the bus. Ms. Lindsey in an affidavit that she signed indicates that there were no steps near the bus stop. Petitioner claims that this would have impeached the victim's testimony that he had been sitting on some steps at the bus stop while waiting for the bus.

The trial court rejected petitioner's claim on post-conviction review, finding that Ms. Lindsey's proposed testimony would have involved impeaching the victim on a collateral matter. *People v. Boykins,* No. 07-021072-FC, * 5 (Wayne County Circuit Court, Nov. 10, 2011).

The state court's decision was reasonable. The issue of whether the victim was sitting or standing at the bus stop involved a collateral issue at best, thus counsel was not ineffective for failing to impeach the victim about this minor inconsistency. *See Sowell v. Anderson*, 663 F.3d 783, 801 (6th Cir. 2011). [4]

---

[4] This Court, in fact, has reviewed the victim's testimony and there is no indication by him that he sat on any steps by the bus stop. (Tr. 2/14/08, pp. 56-85).

Petitioner finally appears to argue that appellate counsel was ineffective for failing to raise his prosecutorial misconduct and ineffective assistance of trial counsel claims on his appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Petitioner's prosecutorial misconduct and ineffective assistance of trial counsel claims are without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in the handling of petitioner's direct appeal. Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

### C. The newly discovered evidence/actual innocence claim.

Petitioner next claims that he has newly discovered evidence that establishes his actual innocence. Petitioner points to a copy of a Detroit Police Department incident report which states that the robbery was reported to have taken place on September 14, 2007 at 12:00 a.m. [5] Petitioner claims that this report would establish that the victim fabricated the entire incident because the actual crime was reported as having taken place between 3:30 p.m. and 3:45 p.m. Petitioner claims that this report was withheld from the defense by the prosecution. Petitioner claims he only obtained this report after a family member obtained it after making a Freedom of Information request to the Detroit Police.

---

[5] *See* Petitioner's Exhibit C, ECF # 21, PG ID 231-232.

To the extent that petitioner is raising a freestanding actual innocence claim, he would not be entitled to habeas relief. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id., see also McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013)("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007)(collecting cases).

To the extent that petitioner is claiming that the state court denied his request for post-conviction discovery on this or other evidence he would not be entitled to relief. Petitioner's claim that the Michigan courts wrongfully denied him post-conviction relief is non-cognizable. This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d at 853. Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d at 681. The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Petitioner's claim that the trial court erred in his post-conviction proceedings by denying his discovery request is not cognizable on habeas review. *See Moreland v. Bradshaw*, 635 F.Supp.2d 680, 726–27 (S.D.Ohio Apr.10, 2009).

Petitioner's main complaint appears to be that the prosecutor deliberately withheld this

14

evidence.

To prevail on his claim, petitioner must show (1) that the state withheld exculpatory evidence and (2) that the evidence was material either to guilt or to punishment irrespective of good faith or bad faith of the prosecution. *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 683 (1985). In *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999), the Supreme Court articulated three components or essential elements of a *Brady* claim: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. "Prejudice (or materiality) in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002).

Petitioner is not entitled to habeas relief because he failed to show that the prosecutor withheld this report from defense counsel. Petitioner raised this claim in his second motion for relief from judgment. The judge rejected the claim in part because petitioner failed to show that he had been deprived of this police report by the prosecution. *People v. Boykins,* No. 07-021072-FC, * 4 (Wayne County Circuit Court, May 20, 2015). A habeas petitioner bears the burden of showing the prosecution suppressed exculpatory evidence. *See Bell v. Howes*, 703 F.3d 848, 853 (6th Cir. 2012). Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F. 3d 722, 733 (6th Cir. 2006). Allegations that are merely conclusory or which are purely speculative cannot support a *Brady*

15

claim. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). Petitioner has made no showing that this report was never furnished by the prosecutor to petitioner.

Moreover, counsel was already furnished with other police reports that established that the victim had told the police that the incident happened at noon or 12:00 p.m, which conflicted with other information that the incident was reported as having occurred between 3:30 p.m. and 3:45 p.m. The victim testified at trial that the robbery took place around twelve o'clock p.m. (Tr. 2/14/08, p. 56, 67). Defense counsel confronted the victim with the fact that he had previously testified at the preliminary examination that the incident might have taken place between 3:00 p.m. and 3:30 p.m. (*Id.*, pp. 68-69, 72). Defense counsel later elicited testimony from Officer Jackson that her police report reflected that the victim had reported the robbery and kidnapping happening around 3:30 p.m. (*Id.*, pp. 105-06). "Evidence that is "merely cumulative" to evidence presented at trial is 'not material for purposes of *Brady* analysis.'" *Brooks v. Tennessee*, 626 F.3d 878, 893 (6th Cir. 2010)(*quoting Carter v. Mitchell*, 443 F.3d 517, 533 n. 7 (6th Cir. 2006)). The victim had already been impeached with the fact that he had given the police two different times in which the incident transpired, thus, any additional impeachment evidence regarding the time of the incident would have been cumulative and its alleged non-disclosure did not violate *Brady. Id.,* at 893-94. [6]

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To

---

[6] In light of the fact that other police reports indicate that the robbery and kidnapping took place around 12:00 p.m., the 12:00 a.m. time reference in this other police report may very well have been a typographical error.

demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. [7] The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be denied leave to appeal *in forma pauperis*.


Dated:  October 23, 2017                                              s/Sean F. Cox
                                                                                         Sean F. Cox
                                                                                         U. S. District Judge

---

[7] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

17

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIAN BOYKINS,

    Petitioner,　　　　　　　　　　　　Civil No. 2:13-CV-12768
　　　　　　　　　　　　　　　　　　　　HONORABLE SEAN F. COX
v.　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

ROBERT NAPEL,

    Respondent,
_____/

**PROOF OF SERVICE**

    I hereby certify that on October 23, 2017, the foregoing document was served on counsel of record via electronic means and upon Brian Boykins via First Class mail at the address below:

BRIAN BOYKINS 187252
SAGINAW CORRECTIONAL FACILITY
9625 PIERCE ROAD
FREELAND, MI 48623

                                              s/J. McCoy
                                              Case Manager